UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Fabian Alvarez, | Cr. No.: 6:10-cr-01092-GRA |
| Petitioner, | |
| v. | **ORDER** <br> (Written Opinion) |
| United States of America, | |
| Respondent. | |

This matter comes before the Court on Petitioner Fabian Alvarez's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). The Government has filed a Response to Petitioner's § 2255 Motion. The Government also moves for Summary Judgment as to the § 2255 Motion. For the reasons set forth below, Petitioner's § 2255 Motion is DENIED and the Government's Motion for Summary Judgment is GRANTED.

## Background

On August 23, 2011, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute cocaine, methamphetamine, and marijuana, in violation 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(D), and 846 ("Count One"). Indictment 1–2, ECF No. 239; Plea, ECF No. 378. At the plea hearing, the Government published the indictment, the elements, and the penalties as to Count One. Plea Hr'g Tr. 6–7, ECF No. 459. The Plea Petition was then published by counsel for Petitioner and the Government. *Id.* at 7–23, ECF No. 459. The Court then asked and confirmed that Petitioner did not have any questions about anything he was asked about in the Plea Petition. *Id.* at 23–24, ECF No. 459. The Government

then detailed for the record Petitioner's role in the conspiracy. *Id.* at 25–28, ECF No. 459. The Court then asked and confirmed that Petitioner agreed with the facts presented by the Government. *Id.* at 29, ECF No. 459.

On December 28, 2011, the Court sentenced Petitioner to one hundred thirty-five (135) months imprisonment and five years of supervised release. Sentencing Hr'g Tr. 46–47, ECF No. 449. Prior to sentencing, a presentence investigation report ("PSR") was prepared. ECF No. 409. The PSR indicated that Petitioner's advisory guideline range, after receiving reductions for the safety valve provision, acceptance of responsibility, and a one-level reduction pursuant to U.S.S.G. § 3(E)1.1b, based on a total offense level of 31 and a criminal history category of I, was 108 months to 135 months. PSR ¶ 78, ECF No. 409. The addendum to the PSR noted no objections from the Government or Petitioner's counsel. PSR add., ECF No. 409-1. However, on November 18, 2011, Petitioner filed several objections to the PSR *pro se.* Pet'r's Objections, ECF No. 410. During the sentencing hearing, the Court published and addressed Petitioner's *pro se* objections, engaged the Government, Petitioner, and Petitioner's counsel as to these objections, afforded all parties an opportunity to respond, and denied the motions. Sentencing Hr'g Tr. 1–50, ECF No. 449. During all district court hearings, Petitioner was represented by Bradley Bennett. *See* ECF Nos. 233, 260, 265, 368, 377, 426.

Petitioner timely filed the instant *pro se* § 2255 Motion on June 7, 2013.[1] Pet'r's Mot., ECF No. 489. The Court directed the Government to respond, ECF No.

---

[1] As Petitioner is a prisoner, he benefits from the rule set forth in *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to the district court). A prison stamp is not visible on the envelope; thus, the Court is using the postmarked date of June 7, 2013. ECF No. 489-3.

490, and the Government filed a response to Petitioner's § 2255 Motion on October 2, 2013, Gov't Resp., ECF No. 506. On October 3, 2013, the Government moved for summary judgment. Gov't Summ. J. Mot., ECF No. 508. The Court sent Petitioner a *Roseboro* order on October 3, 2013, explaining the summary judgment process and instructing Petitioner that he had thirty-four (34) days to respond to the Government's Motion for Summary Judgment. ECF No. 509. Petitioner did not file a response.

## Standard of Review

Petitioner brings this motion *pro se.* District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The liberal construction requirement does not mean that a court can ignore a clear failure to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *see Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the party's legal arguments for him, *see Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, Petitioner proceeds under 28 U.S.C. § 2255, which provides that a prisoner in custody under a federal court's sentence may petition the court that

imposed the sentence to vacate, set aside, or correct the sentence. The court may grant relief on the following grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Generally, a petitioner must prove these grounds by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 546 (4th Cir. 1958) (per curiam).

Pursuant to the Rules Governing Section 2255 Proceedings in the United States District Courts, a sentencing court must promptly examine "the motion, any attached exhibits, and the record of the prior proceedings" to determine if the moving party is entitled to relief. R. 4(b). If the motion is not dismissed after this initial review, the district court must order the Government to file a response. *Id.* The court then reviews all materials submitted by the parties and determines whether an evidentiary hearing is necessary. R. 8(a). The court does not need to hold an evidentiary hearing if the motion and "the files and records conclusively show that the prisoner is entitled to no relief." *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970) (holding that it is within a district court's discretion to deny, without a hearing, § 2255 motions where petition states only legal conclusions with no supporting factual allegations, or allegations which are vague, conclusory, or palpably incredible); *see also* 28 U.S.C. § 2255(b) ("Unless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon . . . .")

Furthermore, the Government has sought summary judgment on Petitioner's claims. Summary judgment is appropriate where the admissible evidence shows that there is no genuine dispute of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The party seeking summary judgment bears the initial responsibility of informing the district court of the basis for the motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce specific facts showing that a genuine dispute for trial exists, rather than resting upon bald assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 317.

The Court has thoroughly reviewed the motions, their respective memoranda, and the record in this case in a light most favorable to Petitioner and finds that a hearing is not necessary because the record conclusively shows that Petitioner is entitled to no relief.

## Discussion

Petitioner raises four grounds for relief in his § 2255 Motion. In Grounds One through Three, Petitioner seeks to set aside his conviction based on ineffective

assistance of counsel. Pet'r's Mot. 4–8, ECF No. 489.  In Ground Four, Petitioner claims judicial bias and requests that this Court "recuse [itself] from hearing and adjudicating [P]etitioner's instant § 2255 petition." *Id.* at 8. The Government counters that Petitioner's claims are without merit. Gov't Resp. 8–20, ECF No. 506.

## I. Ineffective Assistance of Counsel

Petitioner alleges the following ineffective assistance of counsel claims: 1) sentencing counsel failed to object to this Court's alleged bias; 2) counsel mislead Petitioner into pleading guilty to a charge that does not exist; and 3) counsel failed to object to a disparity of sentences among co-defendants.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness and (2) that, but for his counsel's deficiencies, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to reasonableness, the court must determine the reasonableness of the challenged conduct on the facts of the particular case at the time of the attorney's conduct. *Id.* at 690. The attorney's conduct must be "within the realm of competence demanded of attorneys in criminal cases." *Id.* at 687. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689 (directing that "[j]udicial scrutiny of counsel's performance must be highly deferential").

As for prejudice, a petitioner has the burden of proving that the alleged deficiencies were, in fact, prejudicial to the outcome of the proceeding. *Id.* at 694. He must demonstrate that, but for counsel's errors, the result of the proceeding would

have been different.  *Id.*  It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding.  Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding.  *Id.* at 693.  Thus, even if counsel's performance falls outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error likely had no effect on the judgment.  *Id.* at 694.  Failure to raise non-meritorious issues does not constitute ineffective assistance.  *See Smith v. Robbins*, 528 U.S. 259, 287–88 (2000) (noting counsel should not raise issues on appeal that lack merit).

A court need not make a determination concerning the attorney's performance if it is clear that no prejudice resulted.  *See Strickland*, 466 U.S. at 697.  Here, the lack of prejudice is clear.  Petitioner never showed, as he must, how his attorney's alleged failures impacted the outcome of his case.  Even assuming that Petitioner could rebut the presumption that counsel rendered reasonable professional assistance, he cannot show that the result of the proceedings would have been different had counsel done more.  However, in an abundance of caution, this Court will address each individual claim.

### 1. Failure to Object to the Sentencing Court's Bias

Petitioner claims that his attorney rendered ineffective assistance because he "did not object to the structural error" on grounds that "the Judge was biased during sentencing." Pet'r's Mot. 4, ECF No. 489.  In support of his claim, Petitioner argues that the sentencing judge made racial remarks, called Petitioner a liar, and interrupted

Petitioner during allocution. *Id.* The Government contends that this claim is without merit, because Petitioner is alleging bias, under the auspice of an ineffective assistance of counsel claim, which should have been raised on direct appeal and therefore this claim should be denied as procedurally defaulted. Gov't Resp. 9, ECF No. 506. In addition, the Government submits that this ineffective assistance claim is without merit, because Petitioner has failed to show that his counsel's performance was deficient or that he was prejudiced by his counsel's conduct. *Id.* at 9–12.

Generally, when a prisoner attacks his conviction or sentence "based upon errors that could have been but were not pursued on direct appeal, the [prisoner] must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). The Court agrees that Petitioner failed to raise the issue of alleged bias on direct appeal. Petitioner has not shown cause or actual prejudice nor demonstrated that a miscarriage of justice would result from the dismissal of this claim. Therefore, his bias claim fails. However, because Petitioner has carefully styled his bias allegations through an ineffective assistance of counsel claim, the Court will address its merits.

The record in this case reveals that Petitioner's counsel was not ineffective. Petitioner's counsel declined to file objections to the presentence investigation report ("PSR") and correctly refused to adopt Petitioner's *pro se* objections to the PSR as counsel believed them to be meritless. Sentencing Hr'g Tr. 3, ECF No. 449.

Moreover, Petitioner's counsel did not believe that the Court was biased, detailing in his affidavit the following:

> 4. I have read Mr. Fabian Alvarez's Motion to Vacate. I do not agree with his claims of Judicial Bias or Ineffective Assistance of Counsel.
>
> 5. It is my belief Judge Anderson was not biased nor did he show any bias during the Sentencing Hearing, or any other proceeding, of Mr. Alvarez. Therefore, I did not object or make any motions with respect to this issue as none were warranted.

Gov't Resp. Ex. A (Bennett Aff. ¶¶ 4–5), ECF No. 506-1. Furthermore, the United States Supreme Court has declared that an engaged Court does not make a biased one. *See Liteky v. United States*, 510 U.S. 540, 555–56 (1994) ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. . . . *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display."). The record indicates the Court was engaged at the sentencing hearing and conducted a thorough inquiry into Petitioner's *pro se* objections. Sentencing Hr'g Tr., ECF No. 449. After a lengthy discussion, the Court ultimately sentenced Petitioner within his applicable guideline range. *Id.* On appeal, the Fourth Circuit "found no meritorious issues for appeal" and held that Petitioner "failed to overcome the presumption of reasonableness [the Fourth Circuit] accord[s] his within-Guidelines sentence." *United States v. Alvarez*, No. 12–4019, 475 F. App'x 866, 866 (4th Cir. 2012) (unpublished); ECF No. 469 at 3.

For the foregoing reasons, Petitioner has failed to demonstrate that his counsel's performance was unreasonable or caused prejudice. Accordingly, the Court finds that this claim of ineffective assistance of counsel is without merit because there was no basis for Petitioner's counsel to object.

### 2. Misadvised Guilty Plea

Petitioner asserts his defense counsel misled him into pleading guilty and subjected him to a higher sentence by advising him to plead to "Conspiracy to transport Meth" and indicating to him that he faced only a seven-year sentence. Pet'r's Mot. 5, ECF No. 489.

Here, the record contradicts Petitioner's conclusory assertions. In support of his claim, Petitioner directs the Court to his "Exhibit B," which is the sentencing transcript. *Id.*; *see also* Sentencing Hr'g Tr., ECF No. 449. A review of the record indicates that there is nothing to support Petitioner's allegation that counsel advised Petitioner to plead to a non-existent charge. Petitioner voluntarily entered before the Court a plea to Count One of the Second Superseding Indictment, which charged that "Defendants . . . knowingly and intentionally did combine, conspire and agree with each other . . . to knowingly, intentionally and unlawfully possess with intent to distribute cocaine and methamphetamine, both Schedule II controlled substances. . . ." Indictment 1–2, ECF No. 239; *see also* Plea Hr'g Tr. 6, ECF No. 459. Prior to the guilty plea hearing, Petitioner completed and signed a Petition to Enter a Plea of Guilty. Plea Pet., ECF No. 371. That Petition, incorporated and filed pursuant to the guilty plea in this case, reflects in its factual basis portion, in response to Question 52 "State what you did to commit the offense(s) to which you are now pleading guilty?",

the following answer provided by Petitioner: "Member of a conspiracy to transport Meth." *Id.* The Plea Petition also detailed the mandatory minimum and maximum penalties in Question 20. *Id.* In addition, the Government published Count One of the Second Superseding Indictment, the essential elements of the offense, and the maximum and mandatory minimum penalties at the guilty plea hearing. Plea Hr'g Tr. 6–7, ECF No. 459. Moreover, the Background section of the Plea Petition was published during the guilty plea colloquy, and Petitioner's counsel confirmed the following:

> He has had plenty of time to discuss with me this case and to go over all the evidence and discovery thereof. He has asked me all the questions that he has. He has been forthright and forward with me telling me his involvement in this case. He tells me he is satisfied with me as his lawyer. And he understands the charges and the potential penalties that are against him.

*Id.* at 8–9, ECF No. 459. Petitioner's Plea Petition and the guilty plea colloquy affirmed that no one promised him anything in order to induce him to plead guilty. ECF No. 371 at 12–15; Plea Hr'g Tr. at 21–22, ECF No. 459. Petitioner entered his guilty plea subsequent to the Plea Petition being reviewed on the record. Plea, ECF No. 378. Thus, Petitioner's argument that counsel "advised [him] to plead guilty to Conspiracy to transport Meth, when petitioner does not have such a charge" is without support in the record because Petitioner clearly understood the charge to which he was pleading.

Furthermore, the record directly contradicts Petitioner's claim that counsel advised him that by pleading guilty he faced a seven-year sentence. Prior to sentencing, Petitioner filed *pro se* objections to the PSR advancing nearly this same argument and asserting that he was promised a 70-month sentence. Pet'r's

Objections, ECF No. 410. At the sentencing hearing, the Court thoroughly explored this maximum sentence allegation, querying the Government, defense counsel, and Petitioner, with regard to the voluntary nature of the plea, and the sections of Petitioner's signed Plea Petition that contradicted his claims. Sentencing Hr'g Tr. 7–13, ECF No. 449. The Court ultimately made the following finding:

> THE COURT: Well, I'm going to rule on your statement. I think it is totally false in that you said you were promised a 70 month sentence. And when you say your lawyer told you that, he was the one that was helping you fill that out. Right?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: So they both can't be right. And I'm holding as a matter of law that you lied here today, that you lied on your statement that you were promised 70 months. Have you — anything you want to add or say?
>
> THE DEFENDANT: No, your Honor.
>
> THE COURT: All right. . . .

*Id.* at 12–13. Moreover, as discussed above, Petitioner appealed his conviction and sentence, and the Fourth Circuit, after reviewing the entire record, found that the sentence was procedurally and substantively reasonable and upheld the Court's judgment. ECF No. 473.

In addition, in his affidavit, Petitioner's counsel asserts the following:

> 6. Due to the facts presented to me in/during the discovery of this case, and Mr. Alvarez's own conduct and statements, trial was not a viable option for Mr. Alvarez.
>
> 7. I attempted to negotiate a satisfactory plea with the AUSA on Mr. Alvarez's behalf. At no time did I promise Mr. Alvarez what his sentence would be.

> 8. Mr. Alvarez had an opportunity to potentially decrease his sentence by cooperating with the United States Attorney's Office and give a statement against his Father, a co-defendant of Mr. Alvarez.
>
> 9. Mr. Alvarez chose not to cooperate with the government.
>
> 10. I never lied to or mislead Mr. Alvarez at any time, during my representation of him during these proceedings, or at any other time.

Gov't Resp. Ex. A (Bennett Aff. ¶¶ 6–10), ECF No. 506-1; *see also* Sentencing Hr'g Tr. at 18, ECF No. 449 ("... I never promised Mr. Alvarez a specific sentence, as I never would and never have."). Petitioner has failed to demonstrate his counsel's conduct was unreasonable or caused prejudice. Accordingly, the Court finds Petitioner's Ground Two ineffective assistance of counsel claims to be mere conclusory allegations devoid of any support in the record, and thus without merit.

### 3. Failure to Object to Disparate Sentencing Among Co-Defendants

Petitioner is correct in noting that the Court should take care to avoid "unwarranted disparities among defendants with similar records who have been found guilty of similar conduct." 28 U.S.C. § 991(b)(1)(B); *see also United States v. Clark*, 434 F.3d 684, 686 (4th Cir. 2006). However, disparities in sentences among co-defendants generally do not give rise to a cognizable claim under § 2255. *See Williams v. Illinois*, 399 U.S. 235, 243 (1970) ("The Constitution permits qualitative differences in meting out punishment and there is no requirement that two persons convicted of the same offense receive identical sentences,"); *United States v. Bokun,* 73 F.3d 8, 12 (2d Cir. 1995) ("Absent extraordinary circumstances, a defendant has no constitutional or otherwise fundamental interest in whether a sentence reflects his or her relative culpability with respect to his or her codefendants."). Additionally,

Petitioner fails to account for the differences among co-defendants with respect to prior convictions and makes only a conclusory assertion that "all codefendant's [were] charged with the same relevant conduct." Any suggestion that Petitioner's counsel should have argued that the Court should have departed from the guidelines in Petitioner's case simply to harmonize his sentence with his co-conspirator's sentence is unreasonable and does not reflect the goals of sentencing. *See United States v. Withers*, 100 F.3d 1142, 1149 ("The Guidelines' goal of national sentencing uniformity is not aimed only at the particular criminal conduct that co-conspirators may share, but also addresses other factors that often vary between co-conspirators like acceptance of responsibility and assistance to the government."). In fact, at the sentencing hearing, Petitioner's counsel explicitly alerted the Court that "[Petitioner] is getting a larger sentence than his father," a co-conspirator in this case. Sentencing Hr'g Tr. 44, ECF No. 449. The Court properly calculated the advisory guideline range, conducted an extensive inquiry at the sentencing hearing, and ultimately sentenced Petitioner to the top end of the guidelines for this offense. Thus, Petitioner's counsel had no meritorious objections to raise. Therefore, Petitioner's claim is without merit because Petitioner has failed to demonstrate that his counsel's performance was both unreasonable and showed prejudice.

Accordingly, it is clear to the Court that Petitioner failed to meet his burden of establishing prejudice as to any of his claims of ineffective assistance of counsel. The record reflects that counsel for Petitioner competently, adequately, and fully represented Petitioner throughout all stages of his criminal proceeding. Moreover, without any response by Petitioner indicating otherwise, this Court concludes that

there is no evidence to support Petitioner's claims of ineffective assistance of counsel. As such, these claims fail and summary judgment for the Government is appropriate.

## II. Recusal

Next, Petitioner argues that the Court should recuse itself because the "sentencing Judge was biased during [P]etitioner's sentencing creating bitter controversy" and asserts that "[he] cannot get a fair and just determination of his ground one of his instant petition due to the fact, that, claim is against the sentencing judge." ECF No. 489 at 8. The Government contends, as detailed above, that Petitioner's claims of bias are procedurally barred. Gov't Resp. 18, ECF No. 506. In addition, the Government argues that Petitioner's request should fail because the record in this case does not support judicial bias. *Id.*

As previously addressed, Petitioner did not raise the issue of judicial bias on direct appeal. Petitioner has not shown cause or actual prejudice nor demonstrated that a miscarriage of justice would result from the dismissal of this claim. Therefore, Petitioner's judicial bias claim fails. However, Petitioner's *pro se* recusal request will be addressed below.

28 U.S.C § 455 governs disqualification of federal district judges. In pertinent part, the statute provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

*Id.*

In the Fourth Circuit, the standard outlined in subsection (a) is analyzed objectively by determining whether a reasonable person with knowledge of the relevant facts and circumstances might question the judge's impartiality. *See United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). The "reasonable person" " is a "well-informed, thoughtful observer," who is not "hypersensitive or unduly suspicious." *Rosenberg v. Currie*, No. 0:10-1555-DCN-PJG, 2010 WL 3891966, at *1 (D.S.C. Sept. 3 2010) (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)); *see Cherry*, 330 F.3d at 665 (quoting *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)) ("A presiding judge is not, however, required to recuse himself simply because of 'unsupported, irrational or highly tenuous speculation.'"). With regard to subsection (b)(1), bias or prejudice must be proven by compelling evidence. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000). Moreover, the Fourth Circuit has clarified that "litigants may not make the trial judge into an issue simply because they dislike the court's approach or because they disagree with the ultimate outcome of their case." *United States v. Gordon*, 61 F.3d 263, 268 (4th Cir. 1995) (discussing the Supreme Court's decision in *Liteky v. United States*, 501 U.S. 540 (1994)).

Petitioner asserts two facts in support of his recusal argument, but looking to all the arguments in support of his § 2255 Motion, Petitioner's recusal request really represents one common theme: Petitioner's disagreement with the manner in which the sentencing hearing was conducted. Petitioner has pointed to nothing in the

record or elsewhere that raises even the appearance of impartiality, much less actual bias or prejudice. This is because there is none to be found. Petitioner's recusal request is merely an attempt to circumvent an unfavorable ruling. During the sentencing hearing, the Court inquired extensively into Petitioner, Petitioner's counsel, and the Government in analyzing and addressing Petitioner's *pro se* objections. Sentencing Hr'g Tr., ECF No. 449. Petitioner's disagreement with the Court's approach to addressing issues at the sentencing hearing is not a valid basis for his recusal request; therefore, his request is denied.

## Conclusion

A review of Petitioner's § 2255 Motion and the record plainly shows that Petitioner is not entitled to relief. Therefore, this Court shall deny the Motion. The Court declines to issue a certificate of appealability in this matter.[2]

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED. The Government's Motion for Summary Judgment is GRANTED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

January 3, 2014
Anderson, South Carolina

---

[2] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. §§ 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473 (2003) (holding that, to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").